**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-7258**

ANTONIO HERRERA,

Plaintiff - Appellant,

v.

DR. OHAI, Medical Practitioner; MS. TORMY, Medical Practitioner; D. BLAND, Medical Administrator,

Defendants - Appellees,

and

JEFFREY SNODDY, Assistant Warden; CHADWICK DOTSON, Director of VDOC,

Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Michael Stefan Nachmanoff, District Judge.  (1:20-cv-00227-MSN-WEF)

Submitted:  April 14, 2025                    Decided:  August 20, 2025

Before WILKINSON and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Antonio Marco Herrera, Appellant Pro Se.  Juliane C. Miller, Leanna Catherine Minix, HARMAN CLAYTOR CORRIGAN & WELLMAN, Richmond, Virginia, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Herrera seeks to appeal the district court's order awarding summary judgment to the remaining defendants in his 42 U.S.C. § 1983 action. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). Fed. R. App. P. 4(a)(6) requires that a motion to reopen the appeal period be filed "within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice of the entry, *whichever is earlier*." Fed. R. App. P. 4(a)(6)(B) (emphasis added). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its summary judgment order on February 28, 2022, and the appeal period expired on March 30, 2022. Although the district court construed Herrera's first motion to alter or amend judgment, which was dated June 28, 2023,* as a motion to reopen the appeal period under Rule 4(a)(6), it lacked the authority to do so. Because Herrera's first motion to alter or amend judgment was filed more than 180 days after the entry of the district court's summary judgment order, the district court lacked

---

* Herrera's first motion to alter or amend judgment and second motion to alter or amend judgment did not toll the appeal period for the summary judgment order. *See* Fed. R. App. P. 4(a)(4)(A)(iv) (providing that motion to alter or amend judgment under Fed. R. Civ. P. 59(e) tolls appeal period if timely filed); Fed. R. Civ. P. 59(e) (providing that motion to alter or amend judgment must be filed within 28 days of entry of judgment).

3

authority to reopen the appeal period. *See, e.g.*, *Baker v. United States*, 670 F.3d 448, 456 (3d Cir. 2012). Herrera's notice of appeal was thus untimely, and we lack jurisdiction over this appeal.

Accordingly, we deny Herrera's motion for the appointment of counsel and dismiss this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*